Herman Molner and Lillian Molner, Husband and Wife v. Commissioner. Herman Molner v. Commissioner.
Molner v. Commissioner
Docket Nos. 275, 276.
United States Tax Court
1944 Tax Ct. Memo LEXIS 330; 3 T.C.M. (CCH) 227; T.C.M. (RIA) 44078; March 14, 1944
*330 James A. O'Callaghan, Esq., for the petitioners. John D. Kiley, Esq., and Richard L. Greene, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in petitioners' income taxes as follows: Docket No.
Petitioner
Year
Deficiency
275
Herman Molner and
Lillian L. Molner
1939
$1,974.47
276
Herman Molner
1940
3,713.60
1941
4,903.41
The question presented is the proper amount of depreciation. The cases were submitted on amended petitions and motions of the respondent to dismiss for failure of the petitions to state a cause of action, the facts being orally admitted for the purpose of the motions. The original petitions were filed November 30, 1942, after the promulgation of our decision in Kennedy Laundry Co., 46 B.T.A. 70, and according to counsel, were predicated on that decision. Our decision in the Kennedy Laundry Co. case was reversed by the Circuit Court of Appeals for the Seventh Circuit on February 15, 1943 (133 Fed. (2d) 660). Certiorari was denied October 10, 1943, 63 S. Ct. 1434. The question in dispute, *331 the proper allowance of depreciation on the premises, was set at rest by the decision of the Supreme Court in Virginian Hotel Corporation of Lynchburg v. Commissioner, 319 U.S. 523, in which case the Court held that where the taxpayer took excessive depreciation for 1927 to 1937, and for the years 1931 to 1936 had net losses, the amount of the depreciation claimed for the years 1931 to 1936 should be subtracted from the depreciation basis even though the entire excessive depreciation did not serve to reduce taxable income in those years; that depreciation is allowed" under section 113 (b)(1)(B), 1938 Act, if such depreciation has been considered in arriving at the net tax result for the taxable year; that it is not necessary that depreciation be offset against taxable income. The issue raised by the original petitions herein was admittedly the identical issue raised in the Virginian Hotel Corporation case and is ruled by that decision. At the hearing in these cases the taxpayers, with leave, filed amended petitions, whereupon respondent filed his motions to dismiss. The amended petitions raised no new issues. They are merely a rephrasing or re-statement *332 of the issue decided by the Supreme Court in Virginian Hotel Corporation of Lynchburg v. Commissioner. The only essentially new fact or circumstance alleged in the petitions is that "the petitioners filed with the Commissioner on November 24, 1943 (the hearing was held on November 29 and 30, 1943) duly executed waivers of the applicability of the Statutes of Limitations for the loss years 1930, 1933, 1934 and 1935 so as to protect him in the event he finds a deficiency and with the specific request that he adjust the depreciation for those years on the basis of the changed life expectancy of the buildings as now established by him." We deem this filing of waivers to be a mere gesture of no consequence or legal effect. The Statutes of Limitations had run as to all of those years. The statute providing for waivers (section 276 (b), Internal Revenue Code) reads as follows: (b) Waiver. - Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so *333 agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The alleged waivers were not executed "before the expiration of the time prescribed in section 275 for the assessment of the tax." They were not, and presumptively never will be, executed by the Commissioner. They were wholly ineffective and petitioners' gesture was entirely futile. The decision of the Supreme Court in Virginian Hotel Corporation of Lynchburg v. Commissioner, supra, forecloses petitioners of all right on the issues stated. The motions to dismiss are granted and the deficiencies found by the respondent are approved. Decisions will be entered for the respondent.